**UNITED MOBILE NETWORKS,
L.P., Petitioner,**

v.

**Ronny DEATON and Barbara
Deaton, Respondents.**

**No. 96–0863.**

Supreme Court of Texas.

Feb. 21, 1997.

24, 26 (Tex.1996). Because the court's contempt order in this case is fatally vague, we need not

Larry A. Powers, Sulpher Springs, for Petitioner.

W. Bruce Monning, Dallas, John R. Mercy, Christy Paddock, Texarkana, John W. Alexander, Winnsboro, for Respondents.

### OPINION

PER CURIAM.

This case involves the proper proof of the measure of damages in a conversion case. United Mobile Networks, L.P. (UMN) sued Ronny and Barbara Deaton for breach of a noncompetition agreement, tortious interference with contract, conversion and civil conspiracy. The trial court rendered judgment on the jury's verdict for UMN. The court of appeals deleted the damages award for breach of the noncompetition agreement and reversed the trial court's judgment against the Deatons on UMN's civil conspiracy claim. 926 S.W.2d 756. The court of appeals affirmed the jury's conversion finding, but remanded the case in part, holding that there was insufficient evidence to support the jury's damage award on UMN's conversion claim. We disagree with the court of appeals. Because UMN did not offer any competent evidence to support damages for conversion, we reverse that part of the court of appeals' judgment and render judgment that UMN take nothing against the Deatons.

decide whether, if intended to impose consecutive sentences, it would violate *Hudson*.

Otherwise, we affirm the court of appeals' judgment.

In 1990, UMN purchased Ronny's two-way radio business for $1.5 million. UMN paid $450,000 for Ronny's customer list as part of the purchase. Ronny agreed to continue to manage part of the business for five years. Their employment agreement included a covenant that Ronny would not compete for three years after leaving UMN. In November 1993, Ronny voluntarily left UMN. UMN agreed to allow Ronny to continue selling radios independently, provided that the radios would be programmed into UMN's system. Except for selling radios, however, UMN insisted that Ronny continue to comply with the noncompete covenant. When he left UMN, Ronny took a copy of UMN's customer list. In January 1994, UMN informed Ronny he was violating the noncompetition agreement and directed him to stop selling radios. UMN does not dispute that Ronny did not sell any more radios after this time.

After Ronny left UMN, his wife, Barbara, and their two sons remained employed by UMN. In December 1993, UMN fired Barbara because of an alleged conflict with a UMN salesman. Immediately thereafter, Barbara applied to the FCC for licenses to establish a system to compete with UMN. She also opened a business to sell two-way radios. Barbara's new business employed Ronny.

In March 1994, UMN sued for a declaration that the noncompetition agreement was valid and enforceable against Ronny. UMN also sought an injunction against Ronny for breach of the noncompetition agreement. UMN later added Barbara as a defendant. UMN sought damages from Ronny and Barbara for conversion, tortious interference, breach of fiduciary duty, breach of contract, breach of lease and civil conspiracy. The Deatons counterclaimed, alleging illegal restraint of trade and an illegal monopoly.

The jury found that: (1) Ronny and UMN agreed that the noncompetition agreement remained in effect after he voluntarily left UMN, (2) Ronny breached the covenant, (3) Ronny converted a copy of UMN's customer list, (4) UMN should recover damages for breach of the noncompetition agreement and

conversion and (5) Barbara and Ronny Deaton entered into a civil conspiracy. The trial court reformed the noncompetition agreement's geographic boundaries and entered judgment for $100,000 for UMN on its breach of the noncompetition agreement claim. The trial court also rendered judgment on UMN's conversion claim, rendering judgment for $500,000 damages. The trial court also rendered judgment on UMN's civil conspiracy claim and imposed joint and several liability against Ronny and Barbara for the entire judgment.

The court of appeals upheld the trial court's geographic reformation of the noncompetition agreement. However, the court of appeals held that reformation of the area precluded the recovery of damages for breach of the noncompetition agreement before the reformation. *See* TEX. BUS. & COM. CODE § 15.51(c)(reformation of geographic area precludes recovery of damages for breach of covenant before the reformation). Therefore, the parties agreed to reform the trial court's judgment to delete the $100,000 damages awarded for breach of the noncompetition agreement. Further, the court of appeals reversed and rendered on UMN's civil conspiracy claim, including trial court's judgment of joint and several liability against Barbara.

The court of appeals also upheld the conversion finding. However, the court reversed and remanded the damages element of the conversion issue. Initially, the court of appeals reviewed UMN's damages evidence and held that "no evidence" supported the jury's conversion damages award. Yet, the court of appeals concluded that because there was "factually insufficient evidence" to sustain the conversion damages, it reversed and remanded the issue to the trial court. Because the court of appeals correctly determined that no evidence supported the damages award, it should have rendered judgment for the Deatons. *See Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176, 177 (Tex.1986); *National Life Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969).

A plaintiff must prove damages before recovery is allowed for conversion. *Prewitt v. Branham,* 643 S.W.2d 122, 123 (Tex.1982). Generally, the measure of dam-

ages for conversion is the fair market value of the property at the time and place of the conversion. *Prewitt,* 643 S.W.2d at 123. However, damages are limited to the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the defendant's conversion. *Multi–Moto Corp. v. ITT Commercial Fin. Corp.,* 806 S.W.2d 560, 566 (Tex. App.—Dallas 1990, writ denied); *Groves v. Hanks,* 546 S.W.2d 638, 647 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). A conversion should not unjustly enrich either the wrongdoer or the complaining party. *See Groves,* 546 S.W.2d at 648.

■ Here, UMN sought damages for Ronny's conversion of a copy of its customer list. To prove its damages, UMN offered expert testimony that the customer list had a fair market value of $544,733.98 when Ronny converted it. UMN's expert based his valuation testimony on the list's customer generated income. This valuation presumed that UMN had lost not only a copy of the customer list, but all the customers and the business generated from the list. However, UMN continued to use the list and generate income from the list. UMN did not offer any evidence that because Ronny took the list it lost customers or income, or that it would lose the customers or future income. In fact, UMN's expert conceded that the customer list had no value under his valuation method if the customers were not generating revenue to the whomever held the list. Consequently, UMN did not offer any competent evidence to support a damages award against the Deatons for converting a copy of the customer list.

UMN argues the list's exclusive nature and the opportunity to capture the customer's business gave the list its value. However, UMN's expert did not base his testimony on the list's exclusivity. Further, UMN did not present any evidence that the company has lost its opportunity to capture the customers' business. According to its testimony, UMN had already captured and still retains most of these customers. UMN cannot establish damages based on something it has not lost.

Accordingly, without hearing oral argument, the Court grants UMN's application for writ of error. Tex.R.App. P. 170. Because UMN did not offer any competent evidence to support its damages claim for conversion, we reverse the court of appeals' judgment in part and render judgment that UMN take nothing against the Deatons. Otherwise, we affirm the court of appeals' judgment.