# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00562-CV

**Rick Dean, Appellant**

**v.**

**Richard Carr and Jay Hester, Appellees**

## FROM THE DISTRICT COURT OF TARRANT COUNTY, 48TH JUDICIAL DISTRICT
## NO. 48-162136-95, HONORABLE ROBERT MCCOY, JUDGE PRESIDING

Appellant Rick Dean sued appellees Richard Carr and Jay Hester for conversion of personal property. A jury found that Carr and Hester converted property, but the jury assessed no damages. The district court rendered judgment on the jury verdict in favor of Carr and Hester. Dean raises two issues on appeal. We will affirm the district-court judgment.

## FACTUAL BACKGROUND

In May 1992 Carr and Hester leased a building to Bauer & Bergen, Inc. (AB&B@). The lease term was for five years with rent due on the first day of each month. At the time the lease was executed, the building contained nightclub equipment owned by Carr and Hester, including chairs, televisions, cash registers, dance-floor lights, and sound equipment. These items specifically were listed in an inventory appended to the lease.

B&B used the building to operate a nightclub known as the Canyon Club. Shortly after B&B entered the lease agreement, Rick Fowler purchased a controlling interest in B&B and continued to operate a nightclub in the space. Dean, an investor, met Fowler in 1994. The two discussed opening a series of nightclubs as an entrepreneurial arrangement. Because Dean had no previous nightclub experience, he worked without compensation as an assistant at the Canyon Club to Alearn the nightclub business.@

While working at the Canyon Club, Dean stored items of personal property inside the building. These items included commercial-grade lighting, sound equipment, compact discs, and a camcorder. The club used some items of Dean=s property as part of its business and other items merely were stored in the building or Ajust happened to be there.@

When B&B failed to pay rent for the month of April 1995, Carr and Hester changed the locks on the building, thereby locking B&B out of the leased premises. After the lockout, Dean submitted to Carr and Hester a list of forty items that he claimed belonged to him and remained inside the locked building.[1] Dean demanded access to the building to retrieve his property. After the lockout Carr and Hester and their attorney accompanied Dean and his attorney into the building. The record does not reflect why no party inventoried the items in the building or why Dean did not retrieve his property. Most items were destroyed when the building burned in November 1995.

---

[1] There was conflicting testimony at trial regarding the number of items Dean included on his list. However, the record before us contains a list of 40 items submitted by Dean to Carr and Hester and their attorney.

**PROCEDURAL BACKGROUND**

Carr and Hester sued Dean for breach of the lease and past-due rent. Dean counter-claimed for conversion of his personal property. The cause was tried to a jury, who found: (1) Carr and Hester had converted Dean=s property, (2) the value of the converted property was Anone,@ (3) Dean was a partner by estoppel of B&B on the lease, (4) and B&B had not breached the lease by failing to pay rent. The district court rendered judgment that Dean take nothing, Carr and Hester take nothing, and neither party recover attorney=s fees.[2] Dean appeals by two issues, arguing that the jury finding of no damages was erroneous and the district court erred in failing to submit a charge to the jury on exemplary damages.

**DISCUSSION**

*Failure to Find Damages*

It is unclear whether Dean challenges the legal sufficiency or factual sufficiency of the evidence. Dean first contends that he established his damages as a matter of law because he submitted uncontroverted proof of the value of the items converted by Carr and Hester. However, he also asserts that the finding of no damages is against the great weight and preponderance of the evidence, a standard for evaluating factual sufficiency. We will, in the interest of justice, review the evidence under both standards. *See* Tex. R. App. P. 38.9; *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 157 n.2 (Tex. App.CDallas, 1992, writ denied).

---

[2] The district court did award Dean costs and attorney=s fees assessed in connection with a pretrial hearing.

In reviewing a legal-sufficiency challenge, we consider the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party=s favor. *See Associated Indem. Corp. v. CAT Contracting*, 964 S.W.2d 276, 285-86 (Tex. 1988). We will uphold the jury=s finding if more than a scintilla of evidence supports it. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). The evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in the particular case. *See Crye*, 907 S.W.2d at 499; *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). In conducting a factual-sufficiency review, we consider and weigh all of the evidence and set aside the judgment only if it is factually so weak or so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *In re King=s Estate*, 244 S.W.2d 660, 661 (Tex. 1951); *see generally* William Powers, Jr. & Jack Ratliff, *Another Look at ANo Evidence@ and AInsufficient Evidence,@* 69 Tex. L. Rev. 515 (1991).

To prevail on his legal-sufficiency challenge to the jury=s finding, Dean must show that the evidence established the value of the converted property as a matter of law. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982). Where there is no material dispute and where only one reasonable inference may be drawn from the evidence, the issue is established as a matter of law. *See Texas N.O.R. Co. v. Burden*, 203 S.W.2d 522, 528 (Tex. 1947).

In a conversion case, the plaintiff must prove damages before recovery is allowed. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (citing *Prewitt v. Branham*, 643

S.W.2d 122, 123 (Tex. 1982)).  The general measure of damages for conversion is the fair market value of the property at the time and place of conversion, but damages may be limited to amount necessary to compensate plaintiff for actual loss and injury suffered as result of conversion.  *United Mobile Networks*, 939 S.W.2d at 148 (indicating neither party should be unjustly enriched by conversion).  However, the actual value of the property to the owner at the time of conversion also may be a proper measure of damages when the property has no readily ascertainable fair market value.  *See Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996); *Ogden v. Wilson*, 649 S.W.2d 780, 783 (Tex. App.CAustin, 1983, writ ref=d n.r.e.) (citing *Crisp v. Security Nat=l Ins. Co.*, 369 S.W.2d 326 (Tex. 1963); *American Transfer & Storage Co. v. Reichley*, 560 S.W.2d 196 (Tex. Civ. App. 1977, writ ref=d n.r.e)).  Examples of items that have no market value in the ordinary meaning of the term include household goods, clothing and personal effects.  *Crisp*, 369 S.W.2d at 328.  Here, the district court made no determination whether the jury was to determine the fair market value of the property, the actual value to Dean, or a combination of both.  The district court submitted, without objection, the following question to the jury: AWhat is the reasonable value, if any, for any converted property that was destroyed by fire?  Answer in >dollars and cent,= if any, or >none.=@ The jury answered, Anone.@

Although Dean testified that the converted property was worth $47,050, we find that he did not establish the value of the property as a matter of law.  There was a material dispute at trial as to the existence and value of the converted property.  Carr and Hester testified that not all of the items listed by Dean were in the building at the time of the fire.  Furthermore, Carr and Hester disputed the value of the property as established by Dean.  Carr testified that Dean never placed in the Club the type of property

5

listed and denied that more than half of the items were located in the Club at the time of the lockout. Hester testified that there was not $48,000 worth of equipment inside the Club and that most of the property items were not in the building at the time of the lockout. Hester also testified that Dean purchased the equipment for $2,000 at an auction.

Dean called Michael Utzman to testify as an expert witness regarding the value of Dean=s property. Utzman testified that Dean=s value estimate was reasonable. However, Utzman testified that the value of the property would depend on how well the equipment had been maintained, how clean it is, and in what environment the equipment had been used. Utzman was not in a position to evaluate the condition of the equipment because he had no personal knowledge of the items and had never seen any of the equipment Dean listed. Utzman based his opinion solely upon what he had been told by Dean. Because of these material disputes and the controverting evidence presented, the jury could have drawn more than one reasonable inference from the evidence; therefore, we find that Dean failed to establish the value of his property as a matter of law. *See Texas N.O.R.*, 203 S.W.2d at 528.

To prevail on his factual-sufficiency challenge, Dean must show that the adverse jury finding is against the great weight and preponderance of the evidence. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). We must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.2d at 175; *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986).

Here, evidence introduced by Dean supports a finding that the converted property did have value. Dean submitted to Carr and Hester a list of forty items he claimed remained in the building at the time

6

it was locked. Dean sought damages for the conversion of the items on the list. Dean valued each listed item according to its value to him, its fair market value, and its purchase price. Based on those assigned values, Dean testified his property was worth a total of $47,050.67. The district court admitted into evidence, without objection, the list of items with their corresponding values as established by Dean. Because the property owner can testify as to his opinion regarding the value of his property, Dean=s testimony regarding the value of the items was competent evidence. *Ogden*, 649 S.W.2d at 784.

However, to show that an adverse finding is against the great weight and preponderance of the evidence, A[a] jury=s failure to find a fact need not be supported by any evidence, but the jury may not refuse to find a fact in the face of overwhelming evidence of the existence of the fact.@ *Schmeltekopf v. Johnson Well Serv.*, 810 S.W.2d 865, 869 (Tex. App.CAustin 1991, no writ) (citing *Russell v. Hankerson*, 771 S.W.2d 650, 653 (Tex. App.CCorpus Christi 1989, writ denied)); *see also Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex. 1973) (failure to find fact need not be supported by affirmative evidence). Based on the conflicting testimony presented by Carr and Hester, and the fact that Utzman had never seen any of the property, we do not believe that Dean=s evidence was Aoverwhelming.@ AAlthough the record contains some conflicting testimony, the jury is free to believe all or any part of the evidence in making its findings.@ *Love v. State*, 972 S.W.2d 114, 120 (Tex. App.CAustin 1998) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). We will not disturb the jury=s finding unless it is so contrary to the overwhelming weight of all relevant evidence as to be clearly wrong and manifestly unjust. *Cain*, 709 S.W.2d at 176. There was conflicting testimony not only regarding the actual value of the

7

converted property but the very existence of the items Dean claimed were in the building. We hold that the jury=s finding was not clearly wrong and manifestly unjust.

### *Exemplary Damages*

By his second point of error, Dean contends that the trial court erred in failing to submit to the jury a question on exemplary damages. Because the jury awarded no actual damages, Dean is not entitled to exemplary damages. *See Nabours v. Longview Sav. & Loan Ass=n.*, 700 S.W.2d 901, 903 (Tex. 1985).

## CONCLUSION

We overrule Dean=s issues and affirm the judgment of the district court.

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 21, 2002

Do Not Publish

8