COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-352-CV

 

 

WILLARD SIMPSON D/B/A 

SIMPSON WRECKER
SERVICE                                                APPELLANT

 

                                                   V.

 

TIMMY GLENN PINKSTON                                                       APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1]

 

                                              ------------

 








Willard Simpson d/b/a Simpson
Wrecker Service appeals the trial court=s judgment granting Timmy Glenn Pinkston=s three motions for summary judgment. 
In three issues, Simpson argues that the trial court improperly granted
Pinkston=s no-evidence motions for summary judgment on Simpson=s claims against Pinkston for fraud, breach of contract, and suit on a
sworn account and improperly granted Pinkston a traditional summary judgment on
his claim against Simpson for conversion. 
We affirm.

In his first issue, Simpson
complains that the trial court improperly granted Pinkston a no-evidence
summary judgment on Simpson=s fraud claim because Simpson put on evidence that Pinkston had
perpetrated a fraud on Simpson.

On April 16, 2002, Simpson
towed Pinkston=s tractor
and trailer from an accident scene and placed them at Simpson=s storage facility in Denton, Texas. 
Pinkston retrieved the trailer from Simpson=s storage facility on April 25, 2002.[2]
In response to Pinkston=s
no-evidence summary judgment motion on the fraud claim, Simpson averred by
affidavit that he released the trailer to Pinkston only because Pinkston
promised to return immediately and pay the towing and storage fees that had
accrued on both vehicles.  Simpson
further averred that Pinkston never paid the amounts owed, although his
attorney offered Simpson $1,000 several months later.[3]  








A promise of future
performance constitutes an actionable misrepresentation for purposes of fraud
only if the promise was made with no intention of performing at the time it was
made.[4]  The mere failure to perform, standing alone,
is not evidence of fraudulent intent.[5]  Thus, Simpson=s evidence that Pinkston failed to perform his alleged promise to pay
Simpson is insufficient to raise a genuine issue of material fact concerning
the intent element of Simpson=s fraud claim.  Accordingly, the
trial court properly granted Pinkston a no-evidence summary judgment on that
claim.[6]  We overrule Simpson=s first issue.

In his third issue, Simpson
complains that the trial court improperly granted Pinkston a no-evidence
summary judgment on Simpson=s breach of contract claim. 
Simpson devotes only two sentences of his brief to this complaint and
cites no legal authority to support his position.  Accordingly, this complaint is waived due to
inadequate briefing.[7]








Also in his third issue,
Simpson complains that the trial court improperly granted Pinkston a
no-evidence summary judgment on Simpson=s claim for suit on a sworn account because Pinkston failed to
properly deny the sworn account claim.[8]  Pinkston contends that he was not required to
file a verified denial to Simpson=s sworn account claim because the claim was not verified.








To support a prima facie case
in a suit on a sworn account, a party must strictly follow the provisions
outlined in procedural rule 185.[9]  Although Simpson=s sworn account claim was not verified initially, he verified the
claim in a supplemental pleading.[10]  His affidavit states that the facts stated
therein are within his knowledge, that the amounts reflected in two itemized
statements attached to the affidavit are due from Pinkston, and that he has
given Pinkston an $850 credit against those amounts.  Simpson=s affidavit does not state, however, that his claim is just and true
or that all just and lawful offsets, payments, and credits have been allowed.[11]  Therefore, the claim does not satisfy the
procedural requirements of rule 185, and Pinkston was not required to deny it
by verified denial.[12]  Accordingly, we overrule Simpson=s third issue.

In his second issue, Simpson
complains that the trial court improperly granted Pinkston a traditional
summary judgment on Pinkston=s claim for conversion based on violations of chapter 70 of the Texas
Property Code because Pinkston=s summary judgment affidavit is conclusory and is therefore
insufficient to establish this claim as a matter of law.













A plaintiff is entitled to
summary judgment on a cause of action if he conclusively proves all elements of
the claim.[13]  Conversion is the wrongful exercise of
dominion and control over another=s property in denial of or inconsistent with his rights.[14]  Property code section 70.003 provides that a
garageman with whom a motor vehicle is left for care has a lien on the vehicle
for the amount of the charges for care and reasonable towing charges.[15]  A lienholder who retains possession of the
vehicle for thirty days after the charges accrue must give written notice to
the owner of the amount of the charges and a request for payment.[16]  If the charges are not paid by the thirtieth
day after the notice is mailed, the lienholder may sell the vehicle at a public
sale and apply the proceeds to the charges.[17]  A lienholder commits conversion, however, if
he fails to comply with section 70.006=s notice requirements before selling the vehicle.[18]  The measure of damages for conversion is the
amount necessary to compensate the plaintiff for the actual losses or injuries
sustained as a natural and proximate result of the defendant=s conversion.[19]  This includes the fair market value of the
property at the time and place of the conversion[20]
and compensation for loss of the use of the converted property.[21]

In this case, Pinkston=s affidavit supporting his summary judgment motion avers as follows:








Pinkston owned the tractor
and trailer at issue, and the tractor had a fair market value of $10,000.  Because Simpson refused to return the
tractor, which Pinkston used every day to operate his business, Pinkston lost
substantial amounts of time from work, incurred additional travel expenses, and
had to borrow and purchase an additional tractor, all of which cost him at
least $5,000.  Further, Simpson sent
Pinkston only one notice requesting payment for charges for the care and towing
of Pinkston=s tractor
and trailer.  That notice was dated April
30, 2002, only fourteen days after the charges accrued. Although Pinkston was
an interested witness, these averments are competent summary judgment evidence
because they are clear, positive, direct, free from contradictions and
inconsistencies, and were readily controvertible if Simpson had chosen to
controvert them.[22]  Further, a property owner=s estimate of the market value of his property is probative evidence.[23]  In addition, Simpson=s interrogatory responses attached to Pinkston=s summary judgment motion show that Simpson sold Pinkston=s tractor at a public auction to W&W Auto Sales & Salvage. 

This evidence conclusively
establishes that Simpson failed to comply with section 70.006=s notice requirements before selling Pinkston=s tractor; Simpson did not send Pinkston any notice at all thirty days
after the towing and storage charges had accrued.  Therefore, the summary judgment evidence
establishes, as a matter of law, that Simpson converted Pinkston=s tractor[24]
and that the conversion caused Pinkston $15,000 in damages. 

Accordingly, the trial court
properly granted Pinkston summary judgment on his claim for conversion based on
violations of chapter 70 of the property code.[25]  For these reasons, we overrule Simpson=s second issue.








Having overruled Simpson=s issues, we affirm the trial court=s judgment.

PER CURIAM                                                   

PANEL A: 
CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  May 24, 2007











[1]See Tex. R. App. P. 47.4.





[2]Simpson
eventually sold Pinkston=s
tractor at a public auction.





[3]The
trial court properly struck the portions of Simpson=s
affidavit alleging the amounts owed, which Simpson stated were evidenced by the
Aattached
invoices,@
because no sworn or certified copies of the alleged invoices were attached to
the affidavit.  See Tex. R. Civ. P. 166a(f).





[4]Formosa
Plastics Corp. USA v. Presido Eng=rs & Contractors, Inc., 960
S.W.2d 41, 48 (Tex. 1998).





[5]Id.





[6]See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).





[7]Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.
1994); see Tex. R. App. P.
38.1(h) (AThe
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.@)
(emphasis supplied).





[8]Pinkston
contends that this argument is waived because Simpson did not raise it in the
trial court; however, Simpson raised the argument at the summary judgment
hearing.





[9]Livingston
Ford Mercury, Inc. v. Haley, 997 S.W.2d 425, 430 (Tex.
App.CBeaumont
1999, no pet.); Andrews v. E. Tex. Med. Ctr.‑Athens, 885 S.W.2d
264, 265 (Tex. App.CTyler
1994, no writ).





[10]Pinkston
agreed that Simpson had timely supplemented his pleadings, and the trial court
treated the affidavit attached to the supplemental pleading as verifying
Simpson=s sworn
account claim.





[11]See Tex. R. Civ. P. 185 (requiring same).





[12]See
Hou‑Tex Printers, Inc. v. Marbach, 862 S.W.2d 188, 190 (Tex.
App.CHouston
[14th Dist.] 1993, no writ); DeWees v. Alsip, 546 S.W.2d 692, 694 (Tex.
Civ. App.CEl
Paso 1977, no writ).





[13]Tex. R. Civ. P. 166a(a), (c); MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[14]Bandy
v. First State Bank, Overton, Tex., 835 S.W.2d 609, 622 (Tex.
1992).





[15]Tex. Prop. Code Ann. '
70.003(c) (Vernon 2007).





[16]Id. '
70.006(a)B(b); Dob=s
Tire & Auto Ctr. v. Safeway Ins. Agency, 923 S.W.2d 715,
720  (Tex. App.CHouston
[1st Dist.] 1996, writ dism=d w.o.j.).





[17]Tex. Prop. Code Ann. '
70.006(e)B(f).





[18]Elite
Towing, Inc. v. LSI Fin. Group, 985 S.W.2d 635, 645 (Tex.
App.CAustin
1999, no pet.).





[19]United
Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 148 (Tex.
1997).





[20]Id. at
147-48.





[21]Luna
v. N. Star Dodge Sales, Inc., 667 S.W.2d 115, 119 (Tex.
1984).





[22]See Tex. R. Civ. P. 166a(c); Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990).  Simpson did not file a response to Pinkston=s
summary judgment motion.





[23]Redman
Homes, Inc. v. Ivy, 920 S.W.2d 664, 669 (Tex. 1996).





[24]See
Elite Towing, Inc., 985 S.W.2d at 645 (stating that a person
converts a vehicle if he sells it without having a right to do so).





[25]Because
Pinkston prevailed on this claim, the trial court properly awarded him attorney=s
fees.  Tex.
Prop. Code Ann. '
70.008 (Vernon 2007).