COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-352-CV

WILLARD SIMPSON D/B/A 

SIMPSON WRECKER SERVICE APPELLANT

V.

TIMMY GLENN PINKSTON APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Willard Simpson d/b/a Simpson Wrecker Service appeals the trial court’s judgment granting Timmy Glenn Pinkston’s three motions for summary judgment.  In three issues, Simpson argues that the trial court improperly granted Pinkston’s no-evidence motions for summary judgment on Simpson’s claims against Pinkston for fraud, breach of contract, and suit on a sworn account and improperly granted Pinkston a traditional summary judgment on his claim against Simpson for conversion.  We affirm.

In his first issue, Simpson complains that the trial court improperly granted Pinkston a no-evidence summary judgment on Simpson’s fraud claim because Simpson put on evidence that Pinkston had perpetrated a fraud on Simpson.

On April 16, 2002, Simpson towed Pinkston’s tractor and trailer from an accident scene and placed them at Simpson’s storage facility in Denton, Texas.  Pinkston retrieved the trailer from Simpson’s storage facility on April 25, 2002.
(footnote: 2) In response to Pinkston’s no-evidence summary judgment motion on the fraud claim, Simpson averred by affidavit that he released the trailer to Pinkston only because Pinkston promised to return immediately and pay the towing and storage fees that had accrued on both vehicles.  Simpson further averred that Pinkston never paid the amounts owed, although his attorney offered Simpson $1,000 several months later.
(footnote: 3)  

A promise of future performance constitutes an actionable misrepresentation for purposes of fraud only if the promise was made with no intention of performing at the time it was made.
(footnote: 4)  The mere failure to perform, standing alone, is not evidence of fraudulent intent.
(footnote: 5)  Thus, Simpson’s evidence that Pinkston failed to perform his alleged promise to pay Simpson is insufficient to raise a genuine issue of material fact concerning the intent element of Simpson’s fraud claim.  Accordingly, the trial court properly granted Pinkston a no-evidence summary judgment on that claim.
(footnote: 6)  We overrule Simpson’s first issue.

In his third issue, Simpson complains that the trial court improperly granted Pinkston a no-evidence summary judgment on Simpson’s breach of contract claim.  Simpson devotes only two sentences of his brief to this complaint and cites no legal authority to support his position.  Accordingly, this complaint is waived due to inadequate briefing.
(footnote: 7)
 Also in his third issue, Simpson complains that the trial court improperly granted Pinkston a no-evidence summary judgment on Simpson’s claim for suit on a sworn account because Pinkston failed to properly deny the sworn account claim.
(footnote: 8)  Pinkston contends that he was not required to file a verified denial to Simpson’s sworn account claim because the claim was not verified.

To support a prima facie case in a suit on a sworn account, a party must strictly follow the provisions outlined in procedural rule 185.
(footnote: 9)  Although Simpson’s sworn account claim was not verified initially, he verified the claim in a supplemental pleading.
(footnote: 10)  His affidavit states that the facts stated therein are within his knowledge, that the amounts reflected in two itemized statements attached to the affidavit are due from Pinkston, and that he has given Pinkston an $850 credit against those amounts.  Simpson’s affidavit does not state, however, that his claim is just and true or that all just and lawful offsets, payments, and credits have been allowed.
(footnote: 11)  Therefore, the claim does not satisfy the procedural requirements of rule 185, and Pinkston was not required to deny it by verified denial.
(footnote: 12)  Accordingly, we overrule Simpson’s third issue.

In his second issue, Simpson complains that the trial court improperly granted Pinkston a traditional summary judgment on Pinkston’s claim for conversion based on violations of chapter 70 of the Texas Property Code because Pinkston’s summary judgment affidavit is conclusory and is therefore insufficient to establish this claim as a matter of law.

A plaintiff is entitled to summary judgment on a cause of action if he conclusively proves all elements of the claim.
(footnote: 13)  Conversion is the wrongful exercise of dominion and control over another’s property in denial of or inconsistent with his rights.
(footnote: 14)  Property code section 70.003 provides that a garageman with whom a motor vehicle is left for care has a lien on the vehicle for the amount of the charges for care and reasonable towing charges.
(footnote: 15)  A lienholder who retains possession of the vehicle for thirty days after the charges accrue must give written notice to the owner of the amount of the charges and a request for payment.
(footnote: 16)  If the charges are not paid by the thirtieth day after the notice is mailed, the lienholder may sell the vehicle at a public sale and apply the proceeds to the charges.
(footnote: 17)  A lienholder commits conversion, however, if he fails to comply with section 70.006’s notice requirements before selling the vehicle.
(footnote: 18)  The measure of damages for conversion is the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the defendant’s conversion.
(footnote: 19)  This includes the fair market value of the property at the time and place of the conversion
(footnote: 20) and compensation for loss of the use of the converted property.
(footnote: 21)
 In this case, Pinkston’s affidavit supporting his summary judgment motion avers as follows:

Pinkston owned the tractor and trailer at issue, and the tractor had a fair market value of $10,000.  Because Simpson refused to return the tractor, which Pinkston used every day to operate his business, Pinkston lost substantial amounts of time from work, incurred additional travel expenses, and had to borrow and purchase an additional tractor, all of which cost him at least $5,000.  Further, Simpson sent Pinkston only one notice requesting payment for charges for the care and towing of Pinkston’s tractor and trailer.  That notice was dated April 30, 2002, only fourteen days after the charges accrued. Although Pinkston was an interested witness, these averments are competent summary judgment evidence because they are clear, positive, direct, free from contradictions and inconsistencies, and were readily controvertible if Simpson had chosen to controvert them.
(footnote: 22)  Further, a property owner’s estimate of the market value of his property is probative evidence.
(footnote: 23)  In addition, Simpson’s interrogatory responses attached to Pinkston’s summary judgment motion show that Simpson sold Pinkston’s tractor at a public auction to W&W Auto Sales & Salvage. 

This evidence conclusively establishes that Simpson failed to comply with section 70.006’s notice requirements before selling Pinkston’s tractor; Simpson did not send Pinkston any notice at all thirty days after the towing and storage charges had accrued.  Therefore, the summary judgment evidence establishes, as a matter of law, that Simpson converted Pinkston’s tractor
(footnote: 24) and that the conversion caused Pinkston $15,000 in damages. 

Accordingly, the trial court properly granted Pinkston summary judgment on his claim for conversion based on violations of chapter 70 of the property code.
(footnote: 25)  For these reasons, we overrule Simpson’s second issue.

Having overruled Simpson’s issues, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Simpson eventually sold Pinkston’s tractor at a public auction.

3:
The trial court properly struck the portions of Simpson’s affidavit alleging the amounts owed, which Simpson stated were evidenced by the “attached invoices,” because no sworn or certified copies of the alleged invoices were attached to the affidavit.  
See
 
Tex. R. Civ. P.
 166a(f).

4:
Formosa Plastics Corp. USA v. Presido Eng’rs & Contractors, Inc.
, 960 S.W.2d 41, 48 (Tex. 1998).

5:
Id.

6:
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant,
 73 S.W.3d 211, 215 (Tex. 2002).

7:
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994); 
see
 
Tex. R. App. P.
 38.1(h) (“The brief must contain a clear and concise argument for the contentions made, with appropriate citations 
to authorities
 and to the record.”) (emphasis supplied).

8:
Pinkston contends that this argument is waived because Simpson did not raise it in the trial court; however, Simpson raised the argument at the summary judgment hearing.

9:
Livingston Ford Mercury, Inc. v. Haley,
 997 S.W.2d 425, 430 (Tex. App.—Beaumont 1999, no pet.); 
Andrews v. E. Tex. Med. Ctr.-Athens,
 885 S.W.2d 264, 265 (Tex. App.—Tyler 1994, no writ).

10:
Pinkston agreed that Simpson had timely supplemented his pleadings, and the trial court treated the affidavit attached to the supplemental pleading as verifying Simpson’s sworn account claim.

11:
See 
Tex. R. Civ. P.
 185 (requiring same).

12:
See Hou-Tex Printers, Inc. v. Marbach,
 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ); 
DeWees v. Alsip,
 546 S.W.2d 692, 694 (Tex. Civ. App.—El Paso 1977, no writ).

13:
Tex. R. Civ. P.
 166a(a), (c); 
MMP, Ltd. v. Jones,
 710 S.W.2d 59, 60 (Tex. 1986).

14:
Bandy v. First State Bank, Overton, Tex.,
 835 S.W.2d 609, 622 (Tex. 1992).

15:
Tex. Prop. Code Ann.
 § 70.003(c) (Vernon 2007).

16:
Id.
 § 70.006(a)–(b); 
Dob’s Tire & Auto Ctr. v. Safeway Ins. Agency,
 923 S.W.2d 715, 720  (Tex. App.—Houston [1st Dist.] 1996, writ dism’d w.o.j.).

17:
Tex. Prop. Code Ann.
 § 70.006(e)–(f).

18:
Elite Towing, Inc. v. LSI Fin. Group,
 985 S.W.2d 635, 645 (Tex. App.—Austin 1999, no pet.).

19:
United Mobile Networks, L.P. v. Deaton,
 939 S.W.2d 146, 148 (Tex. 1997).

20:
Id.
 at 147-48.

21:
Luna v. N. Star Dodge Sales, Inc.,
 667 S.W.2d 115, 119 (Tex. 1984).

22:
See
 
Tex. R. Civ. P.
 166a(c); 
Ragsdale v. Progressive Voters League,
 801 S.W.2d 880, 882 (Tex. 1990).  Simpson did not file a response to Pinkston’s summary judgment motion.

23:
Redman Homes, Inc. v. Ivy,
 920 S.W.2d 664, 669 (Tex. 1996).

24:
See Elite Towing, Inc.,
 985 S.W.2d at 645 (stating that a person converts a vehicle if he sells it without having a right to do so).

25:
Because Pinkston prevailed on this claim, the trial court properly awarded him attorney’s fees.  
Tex. Prop. Code Ann.
 § 70.008 (Vernon 2007).