

NUMBER 13-13-00030-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **JACOBO CHAPA AND MANUEL CUEVAS,** | **Appellants,** |
| **v.** | |
| **STONEHAVEN DEVELOPMENT INC., AND ANTHONY E. GRAY,** | **Appellees.** |

## On appeal from the 332nd District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

By a single issue, appellants Jacobo Chapa and Manuel Cuevas appeal the trial court's order granting the motion for no-evidence summary judgment filed by appellees, Stonehaven Development, Inc. and Anthony E. Gray (collectively "Stonehaven"). We affirm.

## I. BACKGROUND[1]

Chapa owned a farm in Hidalgo County, Texas and sold it in 2001. The sale was financed by two notes: (1) one note payable to City National Bank (the Bank) and secured by a first lien deed of trust in favor of the Bank; and (2) a second note payable to Chapa and secured by a second lien deed of trust in favor of Chapa. Chapa contends he foreclosed on his deed of trust in 2002 and recovered his interest in the farm subject to the Bank's first lien.

Appellants assert that on January 1, 2003, they entered into a leasing agreement, by which Chapa leased the farm to Cuevas "for at least one year." Appellants contend that they planted several crops on the farm and agreed to split the profits. On May 6, 2003, the Bank foreclosed its lien and sold the property to Stonehaven.

On June 18, 2003, appellants sued appellees, alleging that even after the sale of the property, they "owned or legally possessed" the crops growing on the property and that appellees interfered with their right to the crops.[2] Appellants asserted causes of action for conversion, tortious interference with contract, and conspiracy.

On July 27, 2012, appellees filed a no-evidence motion for summary judgment, in which they asserted that there was no evidence of: (1) any of the elements of appellants' claim for conversion; (2) any of the elements of appellants' claim for tortious interference with contract; or (3) any of the elements of appellants' claim for

---

[1] The background facts are taken primarily from appellants' live pleading.

[2] On April 17, 2007, appellants added the Bank and an alleged employee of the Bank, Bacilio Garcia, as defendants. The docket sheet does not reflect that Garcia was ever served or that he filed an answer. The trial court granted summary judgment in favor of the Bank, which became final when the trial court signed a severance order. Appellants do not challenge that judgment, and neither the Bank nor Garcia are parties to this appeal.

conspiracy.[3]  On August 13, 2012, appellants filed a response.  Attached to the response was an affidavit by Chapa, which stated:

> My name is Jacobo Chapa.  I am one of the plaintiffs in the above-entitled and numbered cause.  I am capable of making this affidavit.  The facts stated herein are within my personal knowledge and are true and correct. I owned the property that defendants bought from City National Bank on May 6, 2003.  In January of 2003, I leased the property to plaintiff Manuel Cuevas for good and valuable consideration for farming grape tomatoes and watermelons.  Mr. Cuevas and myself worked together on the crops. We agreed to split the profits from selling the grape tomatoes and watermelons.  Before May 6, 2003, the grape tomatoes and watermelons were growing and doing well.  Defendants, by and through defendant Gray, wrongfully exercised dominion or control over the tomatoes and watermelons by repeatedly forcing Mr. Cuevas and myself and our workers off the land by and through the Hidalgo County Sheriff, and by telling the irrigation district for the property that we had no right to irrigation water because I no longer owned the property which caused the district to refuse to sell us water.  I told defendant Gray about the said lease and that we were entitled to finish the crops but he refused to let us onto the property to do so; and as a result of his refusal, we lost the profits we would have made from selling the crops because we had good results with them before defendant forced us off the land and the prices that year for grape tomatoes and watermelons were such that we were certain to make money after expenses.  Defendant Gray knew about the lease and the crops referenced above because he saw the crops and I told him about the lease to Mr. Cuevas and to let us finish the crops.  Plaintiffs' Third Amended Original Petition in this case is incorporated herein by reference.

Appellees objected to the affidavit on several grounds, including that it contained inadmissible legal conclusions and inadmissible hearsay.  On October 17, 2012, the trial court granted appellees' no-evidence motion for summary judgment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) is essentially a motion for pretrial directed verdict.  *Timpte Indus., Inc.*

---

[3] In their live pleading, appellants alleged that appellees "intentionally interfered with [appellants'] performance of [the lease and marketing agreements] by preventing such performance, or by making it impossible, or more burdensome, difficult or expensive."  Chapa also alleged that appellants "conspired together to defraud him and effectuate the final transfer of the land in question to [appellants]."

*v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. Tᴇx. R. Cɪᴠ. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2003, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Gish*, 286 S.W.3d at 310. "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Id.* (quoting *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006)). When, as here, the trial court's order granting summary judgment does not state the grounds for its ruling, we must affirm the judgment if any of the grounds alleged in the motion are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

"Conversion is the 'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" *Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)). "To establish conversion of personal property, a plaintiff must prove (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant, unlawfully and without authorization, assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (3) the plaintiff made a demand for

4

the property; and (4) the defendant refused to return the property." *Id.* "The plaintiff must also establish he was injured by the conversion." *Id.* (citations omitted). "A plaintiff must prove damages before recovery is allowed for conversion. *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 889 (Tex. App.—Dallas 2009, no pet.) (citing *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (per curiam)). "Generally, the measure of damages for conversion is the fair market value of the property at the time and place of the conversion." *Id.* "However, damages are limited to the amount necessary to compensate the plaintiff for the actual losses sustained as a natural and proximate result of the defendant's conversion." *Id.* "A conversion should not unjustly enrich either the wrongdoer or the complaining party." *Id.*

## III. Discussion

Appellants argue on appeal that "[t]he trial court erred because Chapa's affidavit raised genuine issues of material fact regarding the elements of conversion." Although appellees' motion also asserted that appellants had no evidence of any of the elements of their tortious interference with contract and conspiracy claims, appellants do not address those claims on appeal. Accordingly, the trial court did not err in granting summary judgment in favor of appellees as to those claims.

As to appellants' conversion claim, we have reviewed Chapa's affidavit—the only evidence offered by appellants—and conclude that it does not raise a genuine issue of material fact on the element of damages. The only reference to damages is: "we lost the profits we would have made from selling the crops because we had good results with them before defendant forced us off the land and the prices that year for grape

5

tomatoes and watermelons were such that we were certain to make money after expenses."

Recovery for lost profits is a fact-intensive determination that must be based on objective facts, figures, or data from which the lost-profits amount may be ascertained. *Wiese v. Pro Am Servs., Inc.*, 317 S.W.3d 857, 863 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 504 (Tex. 2001)). Chapa presented no evidence of any agreement to sell the crops, no evidence of the fair market value of the crops, and no evidence supporting the assertion in his affidavit that appellants "were certain to make money after expenses."

Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Rivera v. White*, 234 S.W.3d 802, 807–08 (Tex. App.—Texarkana 2007, no pet.) (citing *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997)). Conclusory affidavits do not raise fact issues. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Rivera*, 234 S.W.3d at 807–08. Here, Chapa's statement that "we lost the profits we would have made" is conclusory because it provides no underlying facts to support the conclusion. *See id.* It is insufficient to raise a genuine issue of material fact as to damages. *See id.*; *see also Fraud-Tech, Inc. v. Choicepoint, Inc.*, No. 02-05-150-CV, 2006 WL 1030189, at *5 (Tex. App.—Fort Worth Apr. 20, 2006, no pet.) (mem. op.) (finding affidavit testimony that appellants were entitled to reimbursement of out-of-pocket expenses of $24,000 on their breach of contract, fraud, and conversion claims was conclusory and constituted no evidence to defeat summary judgment). Appellants failed to present any evidence of

damages from the alleged conversion.  *See* TEX. R. CIV. P. 166a(i); *Scripps*, 99 S.W.3d at 840.  Accordingly, the trial court did not err in granting appellees' no-evidence motion as to appellants' conversion claim.  We overrule appellants' sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of August, 2013.