Reversed and Rendered and Opinion filed July 20, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00989-CV

___________________

 

Aaron Wiese, Appellant

 

V.

 

Pro Am Services, Inc., Appellee



 



 

On
Appeal from Harris County Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 900181

 



 

 

OPINION

Appellee Pro Am Services, Inc. (Pro
Am) brought suit for conversion against appellant Aaron Wiese.  Following a
bench trial, the trial court found in favor of Pro Am and ordered Wiese to pay
actual and punitive damages.  Wiese raises six issues on appeal, arguing that
Pro Am’s claims were barred by the statute of limitations for conversion and
that there is no evidence or insufficient evidence to support several of the
trial court’s findings of fact and conclusions of law.  Pro Am raises a cross
issue and argues that the trial court erroneously calculated the amount of
actual damages awarded to Pro Am.  Because we conclude that the evidence is
legally insufficient to support the trial court’s award of actual and punitive
damages, we reverse the trial court’s judgment and render judgment for Wiese.  

                                                                                        
I.           
Factual and
Procedural Background

Wiese leased commercial space located in Houston to
Kyle Mason, who used the property to operate a bar.  Pro Am placed a jukebox,
pool table, foosball table, and two tabletop videogame machines in Mason’s
bar.  Revenues from the machines were shared equally between Mason and Pro Am. 
Mason defaulted on his lease obligations sometime prior to October 2005, and
Wiese changed the property’s locks.  All of Pro Am’s equipment remained in the
bar after the locks were changed.  That same month, Pro Am began sending
letters to Wiese requesting an opportunity to retrieve its equipment.  Wiese
did not respond to any of these requests, and Pro Am was unable to recover its
property.  Pro Am filed suit in August 2007 seeking possession of the
equipment, actual damages, and attorney’s fees.  Pro Am added a claim for
punitive damages in a later filing.  Wiese returned the equipment after Pro Am
filed suit, some 124 weeks after Pro Am’s first request for possession.  After
a bench trial, the trial court found that Wiese converted Pro Am’s property and
awarded $9,200 in actual damages, $5,000 in exemplary damages, and prejudgment
interest.  At Wiese’s request, the trial court entered findings of fact and
conclusions of law.  This appeal followed.  

Wiese raises six issues on appeal.  In his first
issue, Wiese argues that Pro Am’s conversion claims were barred by the statute
of limitations for conversion.  In his remaining issues, Wiese contends that
there is no evidence or insufficient evidence to find that (1) Pro Am incurred
expenses, including attorney’s fees, in regaining possession of the equipment, (2)
Pro Am suffered actual damages as a result of the conversion, (3) Wiese
wrongfully withheld possession of the equipment, (4) Wiese withheld the
equipment intentionally, willfully, and maliciously, and (5) Pro Am was
entitled to punitive damages.  

                                                                                                                        
II.           
Discussion and
Analysis 

In his second, third, and sixth issues, Wiese
contends that there is no evidence or insufficient evidence to support findings
of fact (F), (H), and (I), which state: 

F.         Pro Am Services, Inc. had expenses including
attorney’s fees in regaining possession of the equipment.  

H.        Pro Am Services, Inc. suffered actual damages of
$9,200.00 plus prejudgment interest as a result of the wrongful conversion of
the equipment.  

I.          Aaron Wiese acted intentionally, willfully and
maliciously in converting the equipment and an award of punitive damages in the
amount of $5,000.00 is appropriate.  

Pro Am also challenges finding of fact (H) in a cross
issue raised on appeal.  Because Wiese’s challenge to the legal sufficiency of
the evidence relating to damages is dispositive, we do not discuss Wiese’s first,
fourth, or fifth issues.  

A.   
Standard of Review 

When findings of fact are challenged on appeal, we
utilize the same standards that we apply in reviewing jury findings.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Ahmed v. Ahmed,
261 S.W.3d 190, 193–94 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  When
both the legal and factual sufficiency of the evidence are challenged, we first
review the legal sufficiency of the evidence to determine whether there is any
evidence of probative value to support the factfinders’ decision.  See Manon
v. Tejas Toyota, Inc., 162 S.W.3d 743, 752 (Tex. App.—Houston [14th Dist.]
2005, no pet.); Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 438 (Tex.
App.—Dallas 2002, pet. denied).  In a legal sufficiency or no evidence review,
we determine whether the evidence would enable reasonable and fair-minded
people to reach the finding under review.  City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005).  In conducting this review, we credit favorable
evidence if reasonable factfinders could and disregard contrary evidence unless
reasonable factfinders could not.  Id.  We must consider the evidence in
the light most favorable to the finding under review and indulge every
reasonable inference that would support it.  Id. at 822.  We must, and
may only, sustain no evidence points when either the record reveals a complete
absence of evidence of a vital fact, the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
the evidence offered to prove a vital fact is no more than a mere scintilla, or
the evidence establishes conclusively the opposite of the vital fact.  Id.
at 810.  

B.    
The Trial Court’s Finding That Pro Am Incurred Expenses,
Including Attorney’s Fees, in Regaining Possession of the Converted Equipment 

In his second issue, Wiese
argues there is no evidence or insufficient evidence supporting the trial
court’s finding that Pro Am incurred expenses, including attorney’s fees, in
regaining possession of its equipment.  Because Pro Am successfully regained
possession of the converted equipment, it is entitled to recover its expenses
necessarily incurred in recovering the equipment.  See Donnelly v. Young,
471 S.W.2d 888, 891 (Tex. Civ. App.—Fort Worth 1971, writ ref’d n.r.e.) (op. on
reh’g).  James Brame, Pro Am’s president, testified that Pro Am’s only
expenditures made while attempting to recover the converted equipment were
attorney’s fees.  Wiese contends there is no evidence that Pro Am incurred any
recoverable expenses while attempting to regain possession of its equipment because
attorney’s fees generally are not recoverable for conversion claims.  

In Texas, attorney’s fees may be recovered from an
opposing party only as authorized by statute or by contract between the
parties.  Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809, 817
(Tex. 2006).  Attorney’s fees are generally not available for conversion
claims.  Broesche v. Jacobson, 218 S.W.3d 267, 277 (Tex. App.—Houston
[14th Dist.] 2007, pet. denied).  The trier of fact may consider attorney’s
fees in conversion actions when determining exemplary damages, but not when
calculating actual damages.  See First Nat’l Bank of Missouri City v.
Gittelman, 788 S.W.2d 165, 171 (Tex. App.—Houston [14th Dist.] 1990, writ
denied); Earthman’s, Inc v. Earthman, 526 S.W.2d 192, 208 (Tex. Civ. App.—Houston
[1st Dist.] 1975, no writ).  

During oral argument, Pro Am asserted that Donnelly
v. Young justifies the trial court’s finding that it was entitled to
recover attorney’s fees as expenses in regaining possession of the equipment.  According
to Donnelly, a plaintiff who recovers converted property may recover
expenses, payments, attorney’s fees, and the value of the time expended while
attempting to regain possession of the property.  Donnelly, 471 S.W.2d
at 891.  However, the court’s discussion of such a recovery was limited to
situations where a plaintiff successfully recovers real property and incurs
fees “in the removal of incumbrances and/or clouds on his title” resulting from
conversion.[1] 
Id.  Nowhere in the opinion does the court suggest that attorney’s fees
may be recovered as expenses incurred while regaining possession of converted personal
property.  Thus, the holding in Donnelly is limited to the recovery of
attorney’s fees as an expenditure made in connection with recovering converted real
property when an attorney’s services are necessary to perform some legal
function other than filing suit.  Any other reading would contradict the
general rule that attorney’s fees are not recoverable as actual damages in
conversion actions.  See Broesche, 218 S.W.3d at 277; Gittelman,
788 S.W.2d at 171.  Accordingly, we hold that Pro Am was not entitled to
recover attorney’s fees as part of its expenses incurred in regaining
possession of the equipment.  

Pro Am presented no evidence of any expenses incurred
while recovering the equipment unrelated to attorney’s fees.  Because Pro Am is
not entitled to obtain attorney’s fees as part of any expense recovery, there
is a complete absence of evidence related to any recoverable expenses.  After
reviewing the evidence in the light most favorable to the challenged finding, we
conclude that there is legally insufficient evidence to support the trial court’s
finding that Pro Am incurred any recoverable expenses in regaining possession
of the converted equipment.  See City of Keller, 168 S.W.3d at 810,
822.  Accordingly, we sustain Wiese’s second issue.  

C.   
The Trial Court’s Finding That Pro Am Suffered Actual Damages As
a Result of the Equipment’s Conversion 

In his third issue, Wiese
contends there is no evidence or insufficient evidence to support the trial
court’s finding that Pro Am suffered actual damages of $9,200 as a result of
the wrongful conversion of the equipment.  Pro Am argues in its sole cross
issue that the trial court’s award of $9,200 in actual damages is erroneous
because there is sufficient uncontroverted evidence showing that it suffered
$43,426 in actual damages, consisting of $34,224 in loss of use damages and
$9,200 in attorney’s fees.  

A plaintiff must prove damages before recovery is
allowed for conversion.  Alan Reuber Chevrolet, Inc. v. Grady Chevrolet,
Ltd., 287 S.W.3d 877, 889 (Tex. App.—Dallas 2009, no pet.) (citing United
Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147 (Tex. 1997) (per
curiam)).  Damages are limited to the amount necessary to compensate the
plaintiff for any actual losses suffered as a result of the conversion, and
neither the plaintiff nor the wrongdoer should be unjustly enriched by the
conversion.  Id.  A plaintiff who establishes conversion is entitled to
either (1) the return of the property and damages for its loss of use during
the time of its detention or (2) the value of the property.  Varel Mfg. Co.
v. Acetylene Oxygen Co., 990 S.W.2d 486, 497 (Tex. App.—Corpus Christi
1999, no pet.); see also Gittelman, 788 S.W.2d at 169; Adam v. Harris,
564 S.W.2d 152, 155 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ ref’d
n.r.e.).  

Pro Am sought damages for loss of use for the time
period during which Wiese possessed the equipment, and Brame testified
concerning these damages.  An owner is competent to testify regarding the value
of converted property and, in the absence of controverting evidence, such
testimony will sustain a verdict.  See Burns v. Rochon, 190 S.W.3d 263,
270–71 (Tex. App.—Houston [1st Dist.] 2006, no pet.); see also Burlington N.
R.R. v. Gen. Projection Sys., No. 05-97-00425-CV, 2000 WL 1100874, at *8
(Tex. App.—Dallas Aug. 8, 2000, pet. denied) (op. on reh’g) (not designated for
publication) (concluding testimony by plaintiff’s Chief Financial Officer
concerning converted property’s rental value was legally and factually sufficient
to support an award for loss of use damages).  According to Brame’s testimony,
Pro Am lost $34,224 in revenue during the 124 weeks Wiese possessed the
equipment.[2] 
Brame based this figure on his twenty-eight years’ experience in the
coin-operated equipment business and on a comparison of the average weekly
revenues for similar pieces of equipment at other locations over particular
periods of time.  Pro Am argues that Brame’s uncontroverted testimony supports a
finding that it is entitled to an award of $34,224 in loss of use damages.  See
Burns, 190 S.W.3d at 270–71; Burlington N. R.R., 2000 WL 1100874, at
*8.  Wiese contends that Brame’s testimony is not credible evidence supporting an
award of loss of use damages because “the alleged damages [have] no basis.”  We
agree with Wiese that there is no legally sufficient evidence proving Pro Am’s
loss of use damages.  

The usual measure of damages for loss of use is the
reasonable cost of renting replacement property.  Cessna Aircraft Co. v.
Aircraft Network, L.L.C., 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet.
denied).  Brame did not testify concerning the cost of renting replacement
equipment for Pro Am.[3] 
A party who loses the opportunity to accrue earnings from the use of its
equipment may also be entitled to recover loss of use damages in the form of lost
profits.  See Amelia’s Auto., Inc. v. Rodriguez, 921 S.W.2d 767, 771
(Tex. App.—San Antonio 1996, no pet.) (considering lost profits as loss of use
damages where plaintiff was deprived of use of a tow truck); Chem. Express
Carriers, Inc. v. French, 759 S.W.2d 683, 687–88 (Tex. App.—Corpus Christi
1988, writ denied) (discussing lost profits as loss of use damages where
plaintiff lost use of an airplane).  Recovery for lost profits is a
fact-intensive determination that must be based on objective facts, figures, or
data from which the lost-profits amount may be ascertained.  Helena Chem.
Co. v. Wilkins, 47 S.W.3d 486, 504 (Tex. 2001).  There must be competent
evidence showing the lost profits amount with reasonable certainty.  Id. 
While the injured party is not required to provide an exact calculation of its
lost profits, it must do more than show that it suffered some lost profits.  Id. 
A calculation of lost profits must be based on net profits, not gross
revenues.  Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 n.1
(Tex. 1992); see also Miga v. Jensen, 96 S.W.3d 207, 213 (Tex. 2002).  

Brame’s testimony consists wholly of calculations of
lost gross revenues.  There is no evidence that Brame deducted any amount for
normal business operating expenses from his gross profits calculation.[4]  Therefore, Pro Am
did not properly prove its loss of net income during the 124 weeks Wiese
possessed the equipment.  See Gittelman, 788 S.W.2d at 169–70 (finding
no evidence of loss of use damages for loss of use of  converted automobile
because plaintiff submitted no evidence of expenses, such as car rental payments
or gas reimbursements, supporting her damage claims).  Because Pro Am did no
more than show that it suffered “some lost profits,” it failed to provide
competent evidence that it is entitled to recover loss of use damages
consisting of lost profits.  See Helena Chem Co., 47 S.W.3d at 504.[5]  Accordingly, Wiese
is not entitled to $34,224 in lost income or loss of use damages, and the trial
court could not properly award Pro Am any amount for loss of use damages.[6]  

The trial court awarded Pro Am $9,200 in actual
damages.  Wiese argues, and we agree, that the only evidence justifying this
amount is testimony by Pro Am’s counsel stating that Pro Am sought $9,200 in
attorney’s fees.  As we previously determined, Pro Am is not entitled to
recover attorney’s fees as expenses or actual damages in this case.  See Broesche,
218 S.W.3d at 277; Gittelman, 788 S.W.2d at 171; Donnelly, 471
S.W.2d at 891.  Thus, there is no competent evidence related to any loss of use
damages suffered by Pro Am.  This renders the evidence legally insufficient to
support the trial court’s judgment awarding Pro Am $9,200 in actual damages as
a result of Wiese’s wrongful possession of the equipment.  See City of
Keller, 168 S.W.3d at 810, 822.  Accordingly, we overrule Pro Am’s cross
issue and sustain Wiese’s third issue.  

D.   
The Trial Court’s Finding That Pro Am Is Entitled to Recover
Punitive Damages 

In his sixth issue, Wiese
argues that there is no evidence or insufficient evidence to support the trial
court’s award of $5,000 in punitive damages to Pro Am.  Exemplary damages
cannot be recovered unless the plaintiff proves actual damages.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 41.004(a) (Vernon 2008); AVCO Corp. v. Interstate Sw., Ltd., 251
S.W.3d 632, 662 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (“A
plaintiff cannot recover punitive damages if its compensatory damage claim is
precluded as a matter of law.”).  As discussed above, the evidence is legally
insufficient to support the trial court’s award of expenses and actual damages. 
Accordingly, Pro Am is precluded from recovering punitive damages.  We sustain
Wiese’s sixth issue and vacate the trial court’s award of punitive damages.  

                                                                                                                                                 
III.           
Conclusion

We conclude that the evidence is legally insufficient
to support (1) the trial court’s finding of fact that Pro Am incurred expenses,
including attorney’s fees, in regaining possession of the converted equipment
and (2) the trial court’s judgment that Pro Am is entitled to $14,200 in
damages, consisting of $9,200 in actual damages and $5,000 in punitive
damages.  Accordingly, we reverse the trial court’s judgment and render
judgment that Pro Am take nothing.  

 

                                                                                    

                                                            /s/                    Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

 









[1] The Donnelly court
states that attorney’s fees may also be recoverable if the plaintiff (1)
prevails in a suit to regain converted realty against a third-party claiming to
be a bona fide purchaser for value or (2) foregoes litigation and makes
settlement payments to resolve his dispute with the third-party.  Id. 
Neither of these scenarios are instructive in this case.  





[2] Brame testified that he
calculated the loss of use damages for each piece of equipment as follows: $13
per week for the foosball table, $52 per week for the pool table, $46 per week
for the countertop machine, and $165 per week for the jukebox.  Brame then multiplied
the sum of these amounts ($276) by 124 weeks to arrive at the $34,224 amount.  





[3] Even if we were to
construe Brame’s calculations for weekly lost revenues as the weekly cost of
renting replacement equipment, Brame’s testimony would not be sufficient to
prove Pro Am’s loss of use damages.  It is improper to calculate damages for
loss of rental value by ascertaining a daily, weekly, or monthly rental value
and then multiplying that amount by the length of time rental property was
necessary.  See 3-C Oil Co. v. Modesta P’ship, 668 S.W.2d 741, 751 (Tex.
App.—Austin 1984, writ ref’d n.r.e.).  “Consideration should be given to the
possibility that plaintiff might not have been able to rent or use the property
continuously because the measure [of loss of rental value] is the market value
of the use, the net usable value, less the expense of keeping the property.”  Id.
at 751–52.  No such consideration was given here.  





[4] During direct
examination, Brame stated that Pro Am did not deduct any expenses from its
share of the revenues collected from its equipment.  However, he acknowledged
during cross-examination that the coins collected from the machines were not
pure profit because deductions were made to pay business expenses such as
employee salaries and medical benefits.  These deductions were not reflected in
his calculations.  





[5] Compare also C.A.
Walker Constr. Co. v. J.P. Sw. Concrete, Inc., No. 01-07-00904-CV, 2009 WL
884754, at *6 (Tex. App.—Houston [1st Dist.] Apr. 2, 2009, no pet.) (mem. op.)
(concluding evidence was factually insufficient to support lost profits award
because plaintiff’s evidence addressed only expected profits without showing
the likely expenses incurred in performing the contract), and Garcia v.
Rutledge, 649 S.W.2d 307, 313 (Tex. App.—Amarillo 1982, no writ) (finding
no evidence supporting plaintiff’s loss of use damages in conversion claim
regarding vehicle used for business purposes because plaintiff did not deduct
operating expenses from gross earnings); with Republic Parking Sys. of Tex.,
Inc. v. Med. Towers, Ltd., No. 14-02-01141-CV, 2004 WL 2358315, at *6 (Tex.
App.—Houston [14th Dist.] Oct. 21, 2004, pet. denied) (mem. op.) (sustaining
lost profits damages after plaintiff factored management fees and expenses into
damage calculations), and Amelia’s Auto., Inc., 921 S.W.2d at
771–72 (finding lost profit damages for loss of use of two trucks legally and
factually sufficient where plaintiff included evidence of regular
disbursements, including costs for maintenance, fuel, and insurance payments,
in his lost profit calculations).  





[6] We note that the trial
court reached a similar determination by stating in conclusion of law (C) that
“[d]amages for loss of use of the equipment and loss of rental from the
equipment during the time the equipment was converted is DENIED.”