Affirmed as Modified and Memorandum Opinion filed September 20, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01266-CV

___________________

 

Border Gateway, L.L.C. d/b/a Merchants Export,
and Robert H. Bahme, Appellants

 

V.

 

Jorge Alejandro Gomez, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 904,435

 



 

 

MEMORANDUM OPINION

Appellants Border Gateway, L.L.C.,
d/b/a Merchants Export, and Robert H. Bahme appeal a judgment granted in favor
of appellee Jorge Alejandro Gomez. We must determine (a) whether the
evidence is legally and factually sufficient to support the judgment;
(b) whether the trial court erred in interpreting a contract between the
parties; (c) whether the judgment subjected Bahme to double liability;
(d) whether attorney’s fees were recoverable; and (e) whether the
trial court erred by entering a take-nothing judgment on the issue of appellants’
counterclaims. We modify the judgment to remove the award of attorney’s fees.
In all other respects, we affirm the judgment of the trial court.

BACKGROUND

In September 2007, Gomez filed a suit on a sworn
account, alleging that Border Gateway and Bahme failed to pay him for services
rendered in connection with their construction project. The parties attended
mediation, and on August 21, 2008, they signed the following handwritten
settlement agreement:

Plaintiff Gomez and Defendant Border Gateway LLC dba
Merchants Export agree to enter into a formal settlement agreement within ten
business days of August 21, 2008, which will include the following terms:

1) An agreed Judgment will be entered against Border
Gateway LLC and not Robert H. Bahme obligating it to pay Plaintiff $30,000 when
and if the project receives construction funding and under a suitable
declaration thereof, but if project does not receive funding by Aug 21, 2009,
then the entire $30,000 will be due and owing by Defendant Border Gateway LLC
by Aug 21, 2009. Judgment is not to be enforced, executed, or [illegible] upon
in any way unless terms are violated. Plaintiff will non-suit Robert H. Bahme
with prejudice. Simultaneously with the non-suit Defendant Bahme will execute a
Promissory Note agreeing to pay Plaintiff $30,000 on August 21, 2009 in the
event the Agreed Judgment is not fully satisfied. Parties will mutually execute
releases of all pending or assertable claims arising from the above event
giving rise to the lawsuit, except the Promissory Note.

Parties agree not to disclose the terms of the Agreement
except as required by law and not to use information acquired in lawsuit,
except to enforce the Judgment and Note. 

The mediation agreement does not specify which party
was responsible for drafting the settlement documents. The parties do not
dispute, however, that appellants agreed to prepare the initial draft of the
Formal Settlement Agreement and the Agreed Judgment, and that Gomez agreed to
draft the Promissory Note.

The first trial setting following mediation was
scheduled for September 1, 2008, three days before the ten-day deadline of
September 4. To take full advantage of the ten-day provision in the mediation
agreement, the parties entered into a Rule 11 agreement on August 28, 2008,
promising to have all required documents submitted to the trial court by
September 29, 2008. By September 3, 2008, appellants had informed Gomez that
they were ready to present proposed drafts of the Formal Settlement Agreement
and the Agreed Judgment. Gomez did not respond, however, until October 22,
2008, when he forwarded a draft of the Promissory Note for appellants’ review.

On October 31, 2008, the parties entered into a
second Rule 11 agreement in which they agreed to extend the deadline for
tendering their settlement documents to the trial court. Under this new
agreement, the parties intended to finalize all of their documents by the next
trial setting, which was scheduled for December 1, 2008. Negotiations broke
down after the parties became unable to reach a consensus on many of the terms
and conditions of settlement.

Ultimately, Gomez amended his petition to plead for
breach of the mediated settlement agreement. The case proceeded to a bench
trial, where the parties were restricted to litigating only the breach of the
mediation agreement, and none of their underlying claims. Without entering
findings of fact and conclusions of law, the trial court granted judgment in
favor of Gomez. In its order, the trial court awarded Gomez $30,000 in damages
and $8,000 in attorney’s fees, each to be paid jointly and severally by Border
Gateway and Bahme. The order further stated that appellants were to take
nothing on their counterclaims, “individually, and jointly and severally.”
Appellants timely appealed.

ISSUES PRESENTED

            Appellants
present ten issues for our review. They argue (1) that the evidence is
legally and factually insufficient to show that Gomez performed under the
mediation agreement; (2) that the evidence is legally and factually
insufficient to show that appellants breached the mediation agreement;
(3) that Gomez’s consideration failed as a matter of law, thereby excusing
any alleged non-performance by appellants; (4) that Gomez failed to
satisfy a condition precedent; (5) that the trial court erred by
misinterpreting the introductory sentence of the mediation agreement;
(6) that the trial court erred by holding Bahme liable in his individual
capacity; (7) that Gomez was not entitled to attorney’s fees;
(8) that the evidence is legally and factually insufficient to show that
the attorney’s fees are reasonable and necessary; (9) that the judgment
must be modified to prevent Gomez from obtaining a double recovery; and
(10) that the trial court erred by ordering appellants to take nothing on
the issue of counterclaims.

INTERPRETATION OF THE MEDIATION AGREEMENT

            We begin our
discussion with issues four and five, which involve basic questions regarding
the interpretation of the mediation agreement. Appellants argue that the first
sentence of the mediation agreement established a condition precedent. They
contend that before the mediation agreement was enforceable in contract, the
parties were obligated to “enter into a formal settlement agreement within ten
business days of August 21, 2008.” Because that condition precedent was never
satisfied, appellants argue in their fourth issue that Gomez could not sue for
breach of the mediation agreement. In their fifth issue, appellants argue that
the trial court misconstrued the mediation agreement by giving its terms
binding effect. Raising an argument very similar to the one presented in issue
four, they contend that without execution of the formal settlement agreement,
the terms following the introductory phrase were non-binding on the parties.

            In resolving
these issues, we recognize that the parties reached an agreement on certain
material terms of settlement,[1]
and that they also intended for those terms to be incorporated into a
contemplated formal writing. Under established precedent, the fact that the
parties intend for an informal agreement to be reduced to a more formal writing
will not necessarily prevent present, binding obligations from arising. Scott
v. Ingle Bros. Pac., Inc., 489 S.W.2d 554, 556 (Tex. 1972); Murphy v.
Seabarge, Ltd., 868 S.W.2d 929, 933 (Tex. App.—Houston [14th Dist.] 1994,
writ denied). If the parties have definitely agreed to undertake certain
obligations, they have concluded the contract, even though the contemplated
formal writing is never drawn up and executed. Scott, 489 S.W.2d at 556;
Restatement (Second) of Contracts § 27 (1981). Depending on the
circumstances, though, such informal writings may also demonstrate that the
parties have simply engaged in preliminary negotiations, in which case, there
is no binding agreement. Scott, 489 S.W.2d at 556; Restatement (Second)
of Contracts § 27 (1981). In deciding the character of the mediation
agreement, we must therefore determine whether the parties intended for the
contemplated formal writing to be a condition precedent to the formation of a
contract, or merely a memorial of an already enforceable contract. See
Foreca, S.A. v. GRD Dev. Co., 758 S.W.2d 744, 745 (Tex. 1988); WTG Gas
Processing, L.P. v. ConocoPhillips Co., 309 S.W.3d 635, 645 (Tex.
App.—Houston [14th Dist.] 2010, pet. denied). Normally, the intention of the
parties is a question of fact, but where that intent is clear and unambiguous
on the face of the agreement, it may be decided as a matter of law. John
Wood Group USA, Inc. v. ICO, Inc., 26 S.W.3d 12, 16 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied); Martin v. Black, 909 S.W.2d 192, 196 (Tex.
App.—Houston [14th Dist.] 1995, writ denied).

            We have
previously held that a condition precedent to contract formation is “clearly”
evidenced where an agreement unequivocally provides that a party does not
intend to be bound until the execution of a final contract. See, e.g.,
WTG Gas Processing, 309 S.W.3d at 638, 645 (construing a bidding procedure
which stated that “[a] Proposal will only be deemed to be accepted upon the
execution and delivery . . . of a [Purchase and Sale
Agreement]”). Other courts have similarly held that an intent not to be bound
may be shown as a matter of law where an agreement expressly provides that its
terms are “non-binding” until the satisfaction of some other event. See,
e.g., John Wood Group, 26 S.W.3d at 15, 18 (letter agreement
contained clause providing that the parties must agree to additional terms and
conditions before agreement becomes binding and consummated); RHS Interests,
Inc. v. 2727 Kirby Ltd., 994 S.W.2d 895, 897, 899 (Tex. App.—Houston [1st
Dist.] 1999, no pet.) (letter agreement clarified that it “serves only as an
offer . . . and is not binding as an agreement unless and
until a fully executed Earnest Money contract is signed”); Coastal Corp. v.
Atl. Richfield Co., 852 S.W.2d 714, 717 (Tex. App.—Corpus Christi 1993, no
writ) (provision stated that “Nothing in this Agreement shall be binding upon
any of the parties until this Agreement is executed by all of the parties by
their duly authorized officers”).

            Courts have also
recognized that an ambiguity may exist where an agreement stipulates that it is
“subject to legal documentation” or “subject to securing documentation
satisfactory to the parties.” Foreca, 758 S.W.2d at 745–46; Martin,
909 S.W.2d at 194, 197. In such cases where intent to be bound cannot be
conclusively established, a fact issue arises for jury determination. Foreca,
758 S.W.2d at 46.

            In this case, the
mediation agreement consisted of a brief writing and contained no language
indicative of the parties’ intent not to be bound. At trial, while testifying
on behalf of himself and Border Gateway, Bahme said that he intended to enter
into a formal settlement agreement; he did not qualify his testimony with any
suggestion that the mediation agreement was not intended to be binding until a
formal writing was executed. Bahme further testified that appellants intended
to perform each of the essential terms of the agreement—i.e., that Border
Gateway intended to take the “first stab” at paying the $30,000 judgment, and
if Border Gateway failed to perform on that essential term, that Bahme intended
to pay the judgment in his individual capacity through execution of a
promissory note.

            Based on this
record, appellants cannot establish as a matter of law that the mediation
agreement manifests an intent not to be bound. That position is not supported
by the text of the mediation agreement, and appellants produced no evidence of such
intent at trial. See John Wood Group, 26 S.W.3d at 19 (“[A] party who
does not wish to be prematurely bound by a letter agreement should include ‘a
provision clearly stating that the letter is nonbinding, as such negations of
liability have been held to be effective.’” (quoting E. Allan Farnsworth, Farnsworth
on Contracts § 3.8b, at 193 (1990))).

            By ruling that
the mediation agreement was an enforceable contract, the trial court apparently
determined that the execution of a formal writing was not intended to be a
condition precedent. See Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d
80, 83 (Tex. 1992) (recognizing that, in the absence of written findings of
fact, the trial court makes all findings necessary to support the judgment). To
the extent the question of intent was a fact issue to be decided by the trial
court, we will uphold its ruling if supported by the evidence. See Chenault
v. Banks, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).

The record clearly shows that appellants intended to
perform under the mediation agreement. Bahme directly testified as to that
intent, and the evidence also reveals that appellants made several efforts to
finalize the settlement documents. Viewing this evidence in the light most
favorable the trial court’s ruling, we conclude the evidence is sufficient to
support a finding that the terms of the mediation agreement were not merely
preliminary negotiations between the parties, but rather binding provisions to
be memorialized in a formal writing on some later occasion. We overrule
appellants’ fourth and fifth issues. 

SUFFICIENCY OF THE EVIDENCE

Appellants raise similar arguments in issues one and
three. In issue one, they contend the evidence is insufficient to show that
Gomez performed under the mediation agreement. In issue three, they argue that Gomez’s
non-performance constituted a failure of consideration, thereby excusing their
own performance under the contract. Because these issues involve related
discussions, we consider them together. We also address appellants’ second
issue, in which they argue that the evidence is insufficient to show that they
breached the mediation agreement.

In a legal sufficiency challenge, we examine the
record in the light most favorable to the judgment and consider whether the
evidence at trial would enable a reasonable and fair-minded jury to reach the
verdict under review. City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005). We credit favorable evidence if reasonable jurors could, and
disregard contrary evidence unless reasonable jurors could not. Id. We
will only reverse the judgment if (a) there is a complete absence of a
vital fact; (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a scintilla; or
(d) the evidence establishes conclusively the opposite of the vital fact. Id.
at 810. The record contains more than a scintilla of evidence—and thus the
evidence is legally sufficient—if reasonable minds could form differing conclusions
about a vital fact’s existence. Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 782–83 (Tex. 2001). Conversely, the evidence is insufficient when
the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence. Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).

In a factual sufficiency challenge, we weigh all of
the evidence and may only set aside the judgment if it is so against the great
weight and preponderance of the evidence as to be clearly wrong and unjust. Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

A mediation agreement is a contract, and its
construction is governed by legal principles applicable to contracts generally.
See Tex. Civ. Prac. & Rem. Code Ann. § 154.071 (West 2008); Rodriguez
v. Villarreal, 314 S.W.3d 636, 641 (Tex. App.—Houston [14th Dist.] 2010, no
pet.). To be enforceable, a mediation agreement must be in writing, complete
within itself in every material detail, and contain all essential elements of
the parties’ agreement. See Tex. R. Civ. P. 11; Padilla v. LaFrance,
907 S.W.2d 454, 460 (Tex. 1995). To recover on a breach of the agreement, a
plaintiff must show (1) the existence of a valid contract;
(2) performance or tendered performance by the plaintiff; (3) breach
of the contract by the defendant; and (4) damages sustained as a result of
the breach. Parker Drilling Co. v. Romfor Supply Co., 316 S.W.3d 68, 72
(Tex. App.—Houston [14th Dist.] 2010, pet. denied).

The evidence reflects that a valid settlement
agreement was reached, and that appellants made no payments to Gomez by the
time of suit. The evidence further establishes that several settlement
documents were exchanged between the parties, though nothing was ever
finalized. While testifying in the role of witness, counsel for appellants
indicated that the parties divided certain responsibilities to effectuate the
terms of the mediation agreement. Counsel claimed that there was a mutual
understanding that appellants were to prepare the Formal Settlement Agreement
and the Agreed Judgment, and that Gomez was to draft the Promissory Note.
Counsel then provided the following timeline regarding the ensuing document
exchanges:

·       
August 28, 2008—The parties entered into a Rule 11 agreement,
extending until September 29, 2008 the date for submitting settlement documents
to the trial court.

·       
September 3, 2008—Appellants informed Gomez by fax that the
Formal Settlement Agreement and Agreed Judgment were ready for their review.

·       
October 21, 2008—Appellants transmitted a second fax to Gomez,
informing him that their documents were ready for review.

·       
October 22, 2008—Gomez submitted his first draft of the
Promissory Note to appellants.

·       
October 24, 2008—Appellants submitted their first drafts of the
Formal Settlement Agreement and Agreed Judgment to Gomez.

·       
October 31, 2008—Gomez submitted revised drafts of the Formal
Settlement Agreement and Agreed Judgment to appellants. The parties entered
into their second Rule 11 Agreement, extending their deadline until December 1,
2008.

·       
November 21, 2008—Appellants submitted their revisions of the
Promissory Note to Gomez.

·       
January 8, 2009—Gomez submitted the settlement documents to
appellants, without noting any track changes, requesting appellants’
signatures.

Counsel testified that appellants could not accept
the settlement documents because the Promissory Note did not contain language
saying that it would be null and void if Border Gateway paid the Agreed
Judgment in full. Counsel indicated that appellants subsequently made repeated
attempts to arrange telephone conferences with Gomez and to incorporate
additional changes into the settlement documents. Bahme testified that over the
course of these exchanges, the terms of the settlement lost their economic
viability because of the global financial crisis. He no longer wanted to pay
the settlement.

Appellants argue in their first issue that the
judgment is unsupported by the evidence because Gomez never showed that he
performed under the mediation agreement. According to appellant, the
performance required of Gomez was to “enter into a formal settlement agreement
within ten business days of August 21, 2008.” Because a formal settlement was
never signed by September 4, 2008, appellants also argue in their third issue
that Gomez’s failure of consideration excused any alleged non-performance on
their part.

Appellants’ arguments are unpersuasive. Under the
plain terms of the mediation agreement, the promise to “enter into a formal
settlement agreement” was made by both Gomez and Border Gateway.
Appellants suggest that the duty of executing a formal settlement fell to Gomez
alone, but the mediation agreement does not articulate any duty requiring Gomez’s
individual performance. The only evidence of an individual duty was produced by
appellants’ counsel at trial. Counsel testified that Gomez assumed the
responsibility of preparing the initial draft of the Promissory Note. The
record contains undisputed evidence that Gomez met this obligation.

Appellants cannot contend that Gomez’s performance
was untimely because it did not occur “within ten business days of August 21,
2008.” Ordinarily, time is not of the essence in a contract, even if a
particular date is given for performance. Kennedy Ship & Repair, L.P. v.
Pham, 210 S.W.3d 11, 19 (Tex. App.—Houston [14th Dist.] 2006, no pet.).
Instead, time is of the essence only if the contract so specifies, or if there
is something in the nature or purpose of the contract and the circumstances surrounding
it which demonstrate that the parties intended for strict compliance within the
time prescribed. Id. Where the contract does not indicate that time is
of the essence, Texas courts will presume that the agreement is to be performed
within a reasonable time. Gensco, Inc. v. Transformaciones Metalurgicias
Especiales, S.A., 666 S.W.2d 549, 553 (Tex. App.—Houston [14th Dist.] 1984,
writ dism’d).

Nothing in the mediation agreement suggests that time
was of the essence. Moreover, by entering into two Rule 11 agreements, the
parties manifested an intent that they not be bound by the initial deadline
prescribed in the mediation agreement. Under the terms of the second Rule 11
agreement, the parties mutually promised to have all settlement documents
tendered to the trial court by December 1, 2008. Gomez submitted his draft of
the Promissory Note by that date, and he requested finalization on all of the
settlement documents shortly thereafter. Viewed in the light most favorable to
the judgment, the evidence is sufficient to show that Gomez performed under the
mediation agreement. We overrule appellants’ first and third issues.

In their second issue, appellants argue that the
evidence is insufficient to show that they were in breach of the mediation
agreement. They contend that their required performance was to enter into a
formal settlement agreement by September 4, 2008, and that they tendered
performance when they expressed their readiness to execute that agreement on
September 3, 2008.

A breach of contract occurs when a party fails to
perform on a promise. XCO Prod. Co. v. Jamison, 194 S.W.3d 622, 632
(Tex. App.—Houston [14th Dist.] 2006, pet. denied). A question of fact arises
on the issue of breach only to the extent there is a dispute as to whether a
party performed. Id.

The mediation agreement reveals that appellants
promised to pay Gomez $30,000 as part of the settlement. The record contains
uncontroverted evidence that appellants failed to make any payment to Gomez, as
required by the agreement. Viewed in the light most favorable to the judgment,
the evidence is sufficient to show that appellants breached the mediation
agreement. We overrule appellants’ second issue.

LIABILITY UNDER THE JUDGMENT

            In issue six,
appellants argue that the trial court erred by holding Bahme individually
liable for the judgment. Relying on the introductory phrase of the mediation
agreement, appellants claim that the parties only intended for the settlement
to be enforced between Gomez and Border Gateway. Because judgment was entered
against both Border Gateway and Bahme, appellants argue that the trial court
went beyond the four corners of the mediation agreement. 

            The trial court’s
order states that Gomez may “recover from Defendants ROBERT H. BAHME and BORDER
GATEWAY, L.L.C., d/b/a MERCHANTS EXPORT, jointly and severally, the sum of
thirty thousand dollars and no cents ($30,000.00) as actual damages, eight
thousand dollars and no cents ($8,000.00) as attorneys’ fees, and all costs of
court.” The language of the judgment is clear and unambiguous: it does not hold
Bahme individually liable. We overrule appellant’s sixth issue.

            In issue nine,
appellants argue that the judgment contains surplus language that may be
construed to allow Gomez double recovery. Appellants specifically object to the
following provision: “IT IS FURTHER ORDERED that Defendants ROBERT H. BAHME and
BORDER GATEWAY, L.L.C. d/b/a MERCHANTS EXPORT, individually, and jointly and
severally, take nothing against Plaintiff JORGE ALEJANDRO GOMEZ on their
counterclaims.” Appellants claim that the word “individually” must be stricken
from the judgment, otherwise the potential exists that Gomez might “recover the
judgment sum both jointly and severally from the Appellants, and then again,
individually, from each Appellant.”

            Again, appellants’
argument is not supported by the plain text of the judgment. The provision of
which they complain orders the appellants to take nothing on their
counterclaims. It does not provide any degree of recovery for Gomez. We cannot
construe any provision in the judgment that would allow Gomez to recover
damages in any amount exceeding $30,000. We overrule appellants’ ninth issue.

ATTORNEY’S FEES

            In issue seven,
appellants argue that the trial court erred by ordering the recovery of
attorney’s fees. In issue eight, appellants argue that the evidence is
insufficient to show that the attorney’s fees are reasonable and necessary.

            We review the
award or denial of attorney’s fees for an abuse of discretion. Stevens v.
Anatolian Shepherd Dog Club of Am., Inc., 231 S.W.3d 71, 77 (Tex.
App.—Houston [14th Dist.] 2007, pet. denied). The trial court abuses its
discretion when its decision is arbitrary, unreasonable, or without reference
to any guiding rules or principles. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985). Because the trial court has no discretion
in determining the applicable law, the trial court also abuses its discretion
when it fails to analyze the law correctly and apply it to the facts of the
case. In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003).

The general rule in Texas is that a party who
prevails in a lawsuit is entitled to recover attorney’s fees only if authorized
by statute or contract. Med. City Dallas, Ltd. v. Carlisle Corp., 251
S.W.3d 55, 58 (Tex. 2008); Wiese v. Pro Am Servs., Inc., 317 S.W.3d 857,
861 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In this case, neither the
mediation agreement nor the two Rule 11 agreements permitted the recovery of
attorney’s fees.

Where a contract does not expressly provide for
attorney’s fees, a party suing on a breach of contract may still be able to
recover reasonable attorney’s fees under section 38.001 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8).
To recover statutory attorney’s fees, the claimant must be represented by an
attorney and his claim must be presented to the opposing party or to a duly
authorized agent of the opposing party. Id. § 38.002. Moreover, the
recovery of attorney’s fees is only permitted if the opposing party fails to
tender payment before the expiration of thirty days after the claim is
presented. Id. The purpose of the presentment requirement is to afford
the other party the opportunity to pay the claim before incurring an obligation
for attorney’s fees. Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981). No
particular form of presentment is required, but the claimant must both allege
and prove that the claim was made and that the opposing party refused to pay
it. Id.; Busch v. Hudson & Keyse, LLC, 312 S.W.3d 294, 300
(Tex. App.—Houston [14th Dist.] 2010, no pet.).

The record in this case contains no evidence that
Gomez ever presented a demand for payment under the mediation agreement. The
record does show that the parties made repeated efforts to negotiate the terms
of settlement, but evidence of participation in settlement discussions is
insufficient to show that a party presented a claim. See Belew v. Rector,
202 S.W.3d 849, 857 (Tex. App.—Eastland 2006, no pet.). Because the record
contains no evidence of a presentment, we conclude the trial court abused its
discretion by awarding attorney’s fees. See Jim Howe Homes, Inc. v. Rogers,
818 S.W.2d 901, 905 (Tex. App.—Austin 1991, no writ). We sustain appellants’
seventh issue. We need not address the merits of appellants’ eighth issue.

COUNTERCLAIMS

            In their tenth
issue, appellants challenge the trial court’s take-nothing judgment regarding
their counterclaims. In a pre-trial ruling, the trial court ordered that Gomez
would only be allowed to litigate his cause of action on the breach of the
mediation agreement. Because that ruling prevented a trial on the underlying
suit on a sworn account, appellants observe that they had no opportunity to
present their counterclaims on the original cause of action. Without citations
to authority, appellants contend the trial court erred by entering the
take-nothing judgment.

            The mediation
agreement contained a term providing for the mutual release “of all pending or
assertable claims arising from the above event giving rise to the lawsuit.” Any
counterclaims regarding the suit on a sworn account would have been included
within that mutual release. Because we hold that the mediation agreement was
enforceable, we find that the trial court acted within its authority by
entering the take-nothing judgment. See Padilla, 907 S.W.2d at 461
(observing that the trial court may enforce a valid settlement agreement
complying with Rule 11 of the Texas Rules of Civil Procedure). Appellants’
tenth issue is overruled.

CONCLUSION

            We modify the
judgment to remove the award of attorney’s fees. In all other respects, the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

Panel consists of Justices Anderson, Brown, and
Christopher.









[1] In their briefing,
appellants acknowledge that “the Mediation Agreement lays out the essential
terms of a settlement.”