

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00770-CV

James Patrick **CULLINAN**,
Appellant

v.

Jenevieve Marie **MATA**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2024CV00181
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: January 21, 2026

AFFIRMED

Appellant James Patrick Cullinan appeals the trial court's judgment awarding appellee Jenevieve Mata the right to recover possession of a dog they acquired while they were in a romantic relationship. On appeal, Cullinan contends the evidence is legally and factually insufficient to support the trial court's judgment awarding Mata possession of the dog. We conclude the evidence is sufficient to support the trial court's implicit finding that Cullinan converted the dog and the trial court's judgment awarding Mata possession of the dog. We affirm.

## BACKGROUND

Mata and Cullinan began a romantic relationship in 2015. The dog that is the subject of this appeal was adopted in December 2019. Mata and Cullinan ended their relationship sometime in 2020 or 2021.[1] Although Mata maintained possession of the dog after her relationship with Cullinan ended, there were times the dog would stay with Cullinan. At some point while Cullinan had possession of the dog, he refused to return the dog to Mata because, according to Cullinan, he was concerned with the dog's wellbeing due to Mata's lifestyle. In August 2023, Mata filed suit in justice court to reclaim possession of the dog. The justice court rendered judgment in Mata's favor finding she was the owner of the dog. Cullinan appealed the justice court's judgment to the county court at law, which we refer to as the trial court. After a de novo bench trial, the trial court rendered judgment that Mata shall recover the dog from Cullinan. Cullinan appeals.

## STANDARD OF REVIEW

When findings of fact and conclusions of law are not requested following a bench trial, the reviewing court implies all necessary findings to support the judgment. *Shields Limited Partnership v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). Because the reporter's record has been filed in this appeal, the legal and factual sufficiency of the trial court's implied findings may be challenged in the same manner as jury findings or a trial court's express findings of fact. *Id.*

When an appellant challenges the legal sufficiency of the evidence on adverse findings for which the appellant did not have the burden of proof, the appellant must show there is no evidence to support the adverse findings. *Eagle Rock Timber, Inc. v. Rock Hard Rental, LLC*, 672 S.W.3d 438, 448 (Tex. App.—San Antonio 2023, pet. denied). We view the evidence in the light most favorable to the findings, disregarding all contrary evidence that a reasonable factfinder could have

---

[1] The parties dispute the year the relationship ended. Mata testified the relationship ended in 2020, and Cullinan testified the relationship ended in 2021.

disbelieved. *Id.* "If there is more than a scintilla of evidence to support a finding, it must be upheld." *Id.*

If the appellant attacks the factual sufficiency of the evidence supporting an adverse finding on an issue for which the appellant did not bear the burden of proof, then the appellant must show the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Id.* "In a factual sufficiency review, we consider and weigh all the evidence." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

"In a bench trial, the trial court, as the factfinder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Alonso v. Alvarez*, 409 S.W.3d 754, 757 (Tex. App.—San Antonio 2013, pet. denied). "In resolving factual disputes, the trial court can accept or reject any part or all of a witness's testimony." *Id.* "The trial court may believe one witness and disbelieve others and resolve[] any inconsistencies in a witness's testimony." *Id.*

## CONVERSION

In Cullinan's sole issue he asserts that the evidence is legally and factually insufficient to support the trial court's judgment that Mata is entitled to recover possession of the dog. Mata represented herself pro se in the trial court and what we construe as her pleadings are not a model of clarity. However, the trial court stated on the record that this case was tried by consent on the pleadings and categorized the cause of action asserted as one for conversion of the dog. Therefore, we construe Cullinan's sole issue on appeal as a challenge to the trial court's implicit finding that Cullinan converted the dog.

Although countless Texas families view their pets as family members, for over a century pets have been labeled as "property" for purposes of tort-law recovery. *Strickland v. Medlen*, 397 S.W.3d 184, 188 (Tex. 2013). "The term 'property' is not a pejorative but a legal descriptor, and

its use should not be misconstrued as discounting the emotional attachment that pet owners undeniably feel." *Id*. at 186.

"Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)). To establish a claim for conversion of personal property, a plaintiff must show that (1) the plaintiff owned, had legal possession of the property, or was entitled to possession of the property; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand to return the property. *Longaker v. Evans*, 32 S.W.3d 725, 732 (Tex. App.—San Antonio 2000, pet. withdrawn). A plaintiff who establishes conversion is entitled to either the return of the property along with damages for its loss of use during the time of its detention or the value of the property. *Wiese v. Pro Am Servs., Inc.*, 317 S.W.3d 857, 862 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Regarding the first conversion element—that Mata owned or was entitled to possession of the dog—Mata testified she adopted the dog in 2019 and identified the adoption agency she used to adopt the dog. Mata stated she went through the adoption process with a friend. Importantly, Mata testified that she paid for the adoption fees. Mata testified she and Cullinan agreed that all the dog's documentation would be in Mata's name in case "anything were to happen between" her and Cullinan. As such, the dog's account at the veterinarian is in Mata's name. Mata also testified the dog has a micro-chip implant and Cullinan conceded the micro-chip registers Mata as the owner of the dog.

Mata stated that when her relationship with Cullinan ended in June 2020, Mata and the dog moved out of Cullinan's house and into an apartment. Cullinan testified Mata would bring the dog to stay with Cullinan two or three times a month when Mata was having relationship issues. However, the testimony indicates Mata maintained possession of the dog until July of 2023, when Cullinan gained possession of the dog and refused to return the dog to Mata. Mata testified she reported the dog stolen to the chip company after Cullinan refused to return the dog.

Cullinan testified it was his idea to get a dog. Although Cullinan disputes Mata's testimony regarding the adoption process, how they found the dog, who paid for the dog and the expenses for the dog, and who had the dog micro-chipped, the trial court was entitled to disbelieve Cullinan and could have instead believed Mata's version of events. *See Alonso*, 409 S.W.3d at 757 (providing the trial court in a bench trial is the sole judge of the credibility of the witnesses and may believe one witness's testimony while rejecting or disbelieving another witness's testimony).

Mata's testimony is some evidence supporting the trial court's conclusion that she owned or is entitled to legal possession of the dog and is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. It was undisputed that Cullinan exercised control over the dog to the exclusion of Mata when he refused her demand to return the dog in July 2023. Having reviewed the record under the appropriate standards of review, we conclude the trial court's implicit finding that Cullinan converted the dog is supported by legally and factually sufficient evidence. *See Eagle Rock Timber, Inc.*, 672 S.W.3d at 448. The trial court's judgment awarding Mata sole and exclusive possession of the dog properly grants Mata the only relief she requested: return of the dog. *See Wiese*, 317 S.W.3d at 862.

Accordingly, Cullinan's sole issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice